IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANNETTE L. WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-2886 |
| | * | |
| EDWARD S. COHN and DOES 1 THROUGH 100, | * | |
| Defendants. | * | |
| | ****** | |

## MEMORANDUM OPINION

Pending is Plaintiff's Emergency Motion for Temporary Restraining Order and Permanent Injunction. ECF No. 3. The Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. Plaintiff's motion will be denied.[1]

**I.   BACKGROUND**

In her Complaint, Annette L. Williams ("Plaintiff"), acting as trustee of the Harry R. Williams Revocable Trust,[2] alleges that her father refinanced his property located in Huntingtown, Maryland with a reverse mortgage loan in August 2003. ECF No. 1 at 3. Foreclosure proceedings were commenced against Plaintiff on February 28, 2014 in the Circuit

---

[1] Plaintiff's Emergency Motion for a Temporary Restraining Order and Permanent Injunction also includes requests for compensatory damages, which the Court will not address in this Memorandum Opinion.

[2] In her Complaint and this motion, Plaintiff claims she is bringing this action in her capacity as the trustee of the Harry R. Williams Revocable Trust. Mr. Williams is Ms. Williams' father who passed away in December 2012. ECF No. 1-2. The Court notes that Plaintiff is listed as the personal representative of the now-closed estate of Harry Williams in the Calvert County Register of Wills. *See* http://registers.maryland.gov. Further, the relevant foreclosure action was brought against Plaintiff in the Circuit Court for Calvert County. *See* Case No. 04C14000234.

1

Court for Calvert County.³ According to publicly available records, the case is still active. On August 16, 2016, Plaintiff, appearing *pro se*, filed suit against Edward S. Cohen—one of the Substitute Trustees who brought the foreclosure action against Plaintiff—and Does 1 through 100 (collectively, "Defendants"). ECF No. 1.

Plaintiff avers that Defendants have violated several state and federal statutes in the course of foreclosing upon the subject property, including the Federal Truth and Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); the Fair Debt Collection Practices Act ("FDCPA"); and the Maryland Consumer Protection Act ("CPA"). Plaintiff alleges six causes of action: (1) Declaratory Relief; (2) Constructive Fraud, Quiet Title, Reformation; (3) Violations of TILA, the Federal Home Equity Conversion Mortgage Statute, the Fair Debt Collection Practices Act, and the Maryland Consumer Protection Act; (4) Slander of Title; (5) "CCPA" and; (6) Rescission.

## II. ANALYSIS

Plaintiff moves for injunctive relief to prevent the Defendants from foreclosing upon her late father's property, which is allegedly set to take place on August 23, 2016. ECF No. 3 at 3–4. Under the Anti-Injunction Act, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015). Accordingly, the Court cannot grant Plaintiff's request for injunctive relief.

In her motion, Plaintiff also seeks declaratory relief, requesting "a judicial determination of the rights, obligations, and interest of the parties" with respect to the property in question. ECF No. 3 at 6. The Anti-Injunction Act also bars the issuance of a declaratory judgment that

---

³ Case No. 04C14000234. *See* http://casesearch.courts.state.md.us/.

has the same practical effect as an injunction. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). For example, if a plaintiff requests "a declaration that the [plaintiff's] mortgage and note are unenforceable," the request "preempts the foreclosure and has 'the same effect' as [a] request for an injunction to prevent foreclosure; both 'result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid.'" *Lovett v. Deutsche Bank Nat. Trust Co.*, No. CA 3:12-1816-MBS-SVH, 2013 WL 841679, at *6 (D.S.C. Feb. 12, 2013) (quoting *Samuels*, 401 U.S. at 73). Here, Plaintiff requests a broad judicial determination settling who has rights to the subject property, which would inherently encroach on the foreclosure proceeding pending in state court. Thus, Plaintiff's request for declaratory judgment is also dismissed. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (deciding that Anti-Injunction Act prohibited federal court from declaring property was not subject to foreclosure); *Lovett*, 2013 WL 841679, at *6; *Hayes v. JP Morgan Chase Bank*, No. 13–1884–JFA, 2014 WL 4198897, at *5 (D.S.C. Aug. 20, 2014) (recognizing that Anti–Injunction Act prohibited federal court from staying state court foreclosure action or declaring mortgage unenforceable, which would have the same effect); *Graves v. One West Bank, FSB*, No. DKC–13–3343, 2014 WL 994366, at *1 (D. Md. Mar. 13, 2014) (noting previous dismissal of claim for injunctive relief under the Anti–Injunction Act); *Glasgow, Inc. v. Noetzel*, 556 F. Supp. 595 (D.W.Va. 1983) (dismissing claim for declaratory relief, relying in part on Anti–Injunction Act).

     Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Princess Lida*

of *Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending); *see also Parker v. Investire, LLC*, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016). Here, the previously filed, ongoing foreclosure proceeding in Maryland state court is an in rem proceeding. *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 642 (D. Md. 2015) (citing *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 644 (4th Cir. 2011).

Even if Plaintiff's request for emergency relief were not barred by the Anti-Injunction Act or the exclusive jurisdiction doctrine, temporary restraining orders and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A party seeking preliminary injunction or TRO must demonstrate that: (1) she is likely to succeed on the merits "by a clear showing"; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) preliminary injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–24 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). Here, the court cannot conclude that Plaintiff has made or can make the showing necessary to justify the extraordinary relief requested. In particular, Plaintiff cannot demonstrate that she is likely to succeed on the merits.

### III. CONCLUSION

Plaintiff Annette Williams' motion for emergency temporary restraining order and permanent injunction is DENIED. A separate order will follow.

| | |
|---|---|
|  8/19/2016 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |